DANIEL W. WHITNEY AND JERUTIA WHITNEY, HIS WIFE, APPELLANTS, *v.* RANDOLPH W. TOWNSEND, RESPONDENT.

*Laches — what constitutes — Judgment, setting aside of, to enable a party to appeal — Code, § 147.*

The complaint was dismissed at Special Term in 1867, and the plaintiff appealed to the General Term, where judgment was affirmed, with costs. Judgment of affirmance was entered in November, 1872, but no judgment for costs was entered or docketed. In January, 1875, the plaintiff moved to set aside the judgment, for irregularity. *Held,* that the plaintiff had been guilty of gross laches, and was not entitled to the relief sought. *Held,* also, that the court cannot set aside a judgment to enable a party to appeal, when the time to appeal has expired. (*Cotes* v. *Smith,* 29 How. Pr., 327, and cases cited per MASON, J.; *Salles* v. *Butler,* 27 N. Y., 638; *Humphrey* v. *Chamberlain,* 11 N. Y., 274, and cases cited at page 652 of Wait's Code; *Bryant* v. *Bryant,* 4 Abb. [N. S.], 138.)

APPEAL from an order of the Special Term denying a motion to set aside a judgment for irregularity.

*H. L. Clinton* and *H. E. Davies,* for the appellants. *A. J. Vanderpoel* and *A. R. Dyett,* for the respondent.

Opinion by DAVIS, P. J. BRADY and DANIELS, JJ., concurred.

Order affirmed, with costs.

---

THE GERMANIA FIRE INSURANCE COMPANY AND OTHERS, RESPONDENTS, *v.* THE MEMPHIS AND CHARLESTON RAILROAD COMPANY, APPELLANT.

*Bill of lading — Contents of, how far evidence of agreement between the parties.*

A carrier having agreed with a shipper as to the price of transportation, on the following day delivered bills of lading in ordinary form, specifying the rates agreed upon, and containing certain conditions. On the next day the goods were shipped. *Held,* that the bills of lading, in the absence of fraud, must be taken as the evidence, and the sole evidence, of the final agreement of the parties, and by it their rights and liabilities must be regulated. (*Long* v. *N. Y. C. R. R. Co.,* 50 N. Y., 76.)